Brian H. Kim (State Bar No. 215492)
James P. Keenley (State Bar No. 253106)
BOLT KEENLEY KIM LLP
2855 Telegraph Ave., Suite 517
Berkeley, California 94705
Phone: (510) 225-0696
Fax: (510) 225-1095
Email: bkim@bkkllp.com
jkeenley@bkkllp.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO / OAKLAND DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>STANDARD INSURANCE COMPANY,<br><br>Defendants. | Case No.: 4:22-cv-519<br><br>**PLAINTIFF'S EX PARTE MOTION FOR ADMINISTRATIVE RELIEF TO PROCEED UNDER PSEUDONYM** |

Pursuant to Civil Local Rule 7-11, Plaintiff hereby moves the Court for administrative relief in the form of an order permitting her to proceed under a pseudonym. Plaintiff, who has suffered from, among other health problems, major depression and anxiety, brings this suit under the Employee Retirement Income Security Act to recover long-term disability ("LTD") benefits due to her under a long-term disability benefit plan sponsored by her former employer and insured by the Defendant Standard Insurance Company ("STANDARD").

Applying the standards set forth by the Ninth Circuit, Plaintiff's motion should be granted because (1) no prejudice to Defendant or the public will result from her anonymity, and (2) proceeding under her true name would expose Plaintiff to harassment, embarrassment and discrimination due to the necessary disclosure of highly confidential medical information including but not limited to information related to any psychiatric health problems Plaintiff may have had or currently have. To date, Plaintiff has maintained the confidentiality of her psychiatric health problems. Only limited family, friends, medical personnel, and insurers are aware of such psychiatric health problems.

**A. Legal Standard**

A party may "preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 108 (9th Cir. 2000). In particular, nondisclosure of a party's identity is permitted where necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* (internal quotation omitted). Because a significant stigma attaches to persons with psychiatric health problems, it is necessary to shield Plaintiff's identity to protect her from fraud, harassment, ridicule or personal embarrassment. It is highly probable that Plaintiff's professional reputation would be permanently damaged due to the public disclosures of any psychiatric health problems.

In *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 468-69 (E.D. Pa. 1997) the court granted Doe status for a plaintiff employee benefits and insurance broker filing a disability insurance case, noting that there was a "great risk that Plaintiff will be stigmatized in his professional life" if his identify were disclosed, as there was "a strong possibility that some of these attorneys will follow this case in legal publications with the result being that plaintiff's professional reputation will be permanently damaged.") *See also Doe v. Standard Ins. Co.*, 2015 WL 5778566 at * 3 (D.Me. Oct. 2, 2015). There is no legitimate public interest in connecting Plaintiff's real identity with the confidential medical information that the Court must consider in

adjudicating her disability claim. In fact, the public interest is best served by allowing Plaintiff to litigate her claim under a pseudonym.

**B. Defendant Will Not Be Prejudiced**

Allowing Plaintiff to proceed pseudonymously will not prejudice the Defendant STANDARD, her disability insurer. Defendant can ascertain Plaintiff's identity from the complaint, which pleads Plaintiff's claim number for the purpose of allowing Defendants to identify her. (Doc. # 1 at ¶ 5). Thus, allowing Plaintiff to proceed under a fictitious name will have no effect on Defendant's ability to prepare their defense. Further, this case is a straightforward application of medical evidence to contract terms, the Defendant's character and reputation is not at issue, and thus there is no risk that Defendant will be prejudiced by anonymous attacks on its character. *Cf. Doe v. Lepley*, 185 F.R.D., 605, 607 (D. Nev. 1999). Because Defendant will know Plaintiff's identity and Plaintiff is not attacking Defendant's character or reputation, Plaintiff's legitimate interest in shielding her identity outweighs any potential prejudice to the Defendant.

**C. The Public Interest Will be Best Served Without Disclosure of Plaintiff's Name**

This is a garden variety individual dispute about an insurance claim. The public has no legitimate interest in connecting Plaintiff's real name to the extremely private medical facts that the Court will need to consider in this case. Medical privacy is a core American value protected by numerous federal and state statutes and preserving mental health privacy in particular is an important policy goal of the federal government. As noted by the Third Circuit, "[e]xamples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.'" *Doe v. Megless*, 654 F.3d 404, 408 (3rd Cir. 2011)(*quoting Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D.Pa.1990)); *see also Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997)(stating "the public has an interest in preventing the stigmatization of

litigants with mental illnesses. Further, plaintiff's identity should be protected in order to avoid deterring people with mental illnesses from suing to vindicate their rights.")

While the public certainly has an interest in open judicial proceedings, here, that interest is actually better served by allowing Plaintiff to proceed under a fictitious name. First, putting plaintiffs in the position of either abandoning legitimate legal claims or publicly disclosing highly confidential medical information would harm the judicial system and the rule of law as a whole because of the risk that plaintiffs with significant and private medical problems will forego their legal rights in favor of preserving their privacy. Jayne S. Ressler, *Privacy, Plaintiffs, and Pseudonyms: The Anonymous Doe Plaintiff in the Information Age*, 53 U. Kan. L. Rev. 195, 199 (2004).

Second, allowing Plaintiff to proceed under a pseudonym and taking other basic measures to ensure that her name is redacted from documents filed in the public record will do away with any need to seal any of the Court's decisions in this case, the other means by which her privacy might be protected. Sealing documents requires extensive court resources and complicates the progress of the litigation, it also deprives the public and other courts from access to the full case record, which may provide valuable information about the application of similar contractual terms to similar medical facts. Plaintiff's real name, on the other hand, has no legitimate value to the public generally or to the courts and their personnel. By using the pseudonym, the parties will be able to openly discuss the medical evidence in the public record without compromising Plaintiff's medical privacy. Proceeding anonymously thus actually enhances the public's view of the legal and factual issues in this case and the court's performance in resolving them. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981); *see also Doe v. Unum Life Ins. Co. of Am.*, 2014 WL 1599919, at *2 (E.D. Pa. Apr. 18, 2014)(noting "Doe and Defendants note that Doe is not a public figure and disclosure of her identity would not promote any public interest.")

Because there is no prejudice to the Defendant or the public by allowing Plaintiff to proceed under a pseudonym, and because Plaintiff has an exceptional need for privacy in light of

the specific medical facts at issue in this case, the Court should grant Plaintiff's motion and issue the summons.

Respectfully submitted,

Dated: January 26, 2022

BOLT KEENLEY KIM LLP

By: /s/ Brian H. Kim
Brian H. Kim
Attorneys for Plaintiff